(*Knoxville,* September Term, 1940.)

Opinion filed December 21, 1940.

Sizer, Chambliss & Kefauver, of Chattanooga, for complainant.

Tom J. Davis, of Chattanooga, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit by the State on the relation of the Attorney-General and the Insurance. Commissioner alleging that defendant is engaged in the life insurance business in Tennessee without compliance with the laws regulating such business (Code, Section 6084, *et seq.*) and seeking an injunction against defendant's pursuit of these particular activities. An answer was filed, as well as a stipulation as to facts not averred and admitted in the pleadings. There was a decree for the complainant and the defendant has filed the record for writ of error.

The defendant obtained a charter authorizing it to operate a funeral parlor, conduct a general undertaking business, own and operate a cemetery, manufacture and sell caskets, hold necessary real estate, and to exercise various incidental powers.

That part of defendant's business of which the State complains is the making of certain contracts with its patrons embodied in certificates given to them called by defendant Co-operative Discount Certificates. These certificates contain some recitals not of special importance, to which we need not refer, and go on to state that in consideration of an installment payment in a

named sum, followed by weekly payments of named sums, statements made in an application "and the agreement of the above named purchaser through his or her legally constituted agent, whose name appears hereon as such, to make certain purchases from the Smith Funeral Service, Inc.," defendant covenants and agrees subject to certain conditions to allow "eighty per cent discount from regular retail selling price of said casket and clothing purchased from said company by ———— and hereby designated as agent and related to the discount certificate holder as ————. The said discount from the regular retail selling price of such casket and clothing shall be payable upon the purchase and payment in cash by the said named agent and to no other person or persons and such right or privilege shall not be transferable."

The certificate contains a further obligation on the part of defendant to furnish embalming and hearse service at regular prevailing prices. Another paragraph in the certificate is "At the time of death of the within named certificate holder notify Smith Funeral Service, Inc., at once. They will handle all details incident to the funeral promptly."

Two classes of certificates seem to be issued by the defendant, the only material difference being in the amount of the weekly payments exacted of the certificate holder (as we understand the matter) and the amount of the discount allowed to the certificate holder's agent.

The substance of these certificates is an obligation on the part of defendant for the consideration stated to furnish its customer's representative with a casket and grave clothes for the customer's burial at twenty per cent (or other per cent) of the regular retail selling price of such articles. Instead of paying to the certificate

holder's representative a sum of money to be applied in payment of funeral expenses, the defendant in substance assumes the greater portion of the expense of the funeral. Save in one respect, hereafter to be noted, the contracts issued by the defendant do not materially differ from those considered in *State ex rel.* v. *Mutual Mortuary Association, Inc.*, 166 Tenn., 260, 61 S. W. (2d), 664. The contracts considered in that case were held to be insurance contracts and the association issuing them was held to be doing an insurance business and to be subject to the regulation of section 6084 *et seq.* of the Code.

It is urged that the certificate issued by this defendant is taken out of the authority of the case just cited in that under defendant's certificate the holder of the certificate or his representative may call upon the defendant to furnish the casket and burial clothing at any time while the certificate is in force, and death of the certificate holder is not required to mature the obligation of the defendant. The frame of the contract indeed gives plausibility to the contention.

As suggested by the chancellor, only a rare and eccentric individual would in person, or through an agent, purchase for himself a coffin and grave clothes before he died. Human nature is such that the individual revolts at acquiring and possessing during his lifetime such gruesome tokens of his end. A person, not abnormal, would not have such things around him during his lifetime.

 The nature of a business pursued by anyone is not determined by the things that may possibly be done in that business or by things that possibly have been done. It is determined rather by the usual course of the particular business.

We may safely assume that the sale of burial outfits to its customers during their lives is not according to defendant's usual course of business. Defendant could not remain in the business if this were true. If its customers upon the payment of one weekly installment of ten cents could demand a $500 funeral outfit for $100 and if its customers ordinarily exercised such rights, defendant would necessarily liquidate.

By section 6085 of the Code, a contract of insurance is defined as follows:

"A contract of insurance is an agreement by which one party, for a consideration, promises to pay money or its equivalent, or to do some act of value to the assured, upon the destruction or injury, loss or damage of something in which the other party has an insurable interest."

The liability of an insurer is contingent. The contingency under our statutory definition is "the destruction or injury, loss or damage of something." Loss of life of the insured, of course, is the contingency in life insurance.

We are of opinion that in their practical operation the certificates issued by the defendant will impose no liability upon the defendant until the death of the certificate holders. This, for the reasons above indicated.

We are further of opinion that the defendant never contemplated in the issuance of these contracts that they would be matured until the certificate holders died. Otherwise, why the admonition on each certificate "at the time of death of the within named certificate holder notify Smith Funeral Service, Inc., at once."

The undertaking in these contracts to embalm the certificate holders and furnish hearse service at the prevailing price, and the obligation to handle all details

incident to the funeral promptly, very plainly show that the defendant was contracting with reference to death.

It seems to us that the apparent right given to a certificate holder of defendant to demand his coffin and grave clothes prior to his death is a right of such improbable exercise that it does not alter what we regard the real nature of the contract. The effect on the course of business will be negligible. The business in reality will continue that of burial insurance.

The decree of the chancellor is affirmed.