STATE OF TENNESSEE ex rel. JOHN R. LONG, JR.

*v.*

KYLE M. MYNATT, D/B/A MYNATT FUNERAL HOME.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

ANDERSON & SNEPP, Knoxville, for appellant.

Jack Wilson, Assistant Attorney General, for appellee.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The original bill was filed in this cause by the State on the relation of John R. Long, Jr., Commissioner of Insurance and Banking, and charging that the defendant, Mynatt Funeral Home is engaged in the life insurance business in Tennessee without complying with the law regulating the life insurance business, relying upon Section 56-1101 and Sections 56-3206 and 56-3208 T.C.A. The forms and tenor of the contracts of insurance are shown by various exhibits to the bill.

The defendant, in his answer, denied that he was engaged in the business of issuing contracts of insurance and that he was simply entering into an agreement by

which he allowed a person holding a contract to buy funeral merchandise and burial services at a discount.

The defendant denied that the definition of life insurance as set out in the bill in Section 56-1101 was a correct definition thereof, and denied that Sections 56-3206 and 56-3208 had any application to the defendant. The answer also contains exhibits which assert the true character of the contracts entered into.

Later the State was allowed to file an amendment and further relied upon Chapter 293 of the Public Acts of 1959, which amends Section 56-3208 of the Code.

The Chancellor, upon hearing the matter on the bill and answer, held that Chapter 293 of the Public Acts of 1959 is constitutional in that it does not violate either the 14th Amendment of the Federal Constitution, Article 11, Section 8 of the Tennessee Constitution, nor does the Act violate Article 2, Section 17 of the Tennessee Constitution, and made the temporary injunction permanent.

The only affirmative defense offered is insisted by the defendant to be on the constitutionality of the 1959 Amendment.

It is insisted by the State that the contracts which the defendant has been issuing are contracts of insurance under the law of Tennessee because there is an agreement, a consideration for that agreement, a promise to pay the equivalent of money or do some act of value to the assured and that payment is to be made or the act of value done upon the destruction or injury, loss or damage of something in which the other party has an insurable interest.

The State insists that the contracts as exhibited in the bill, plainly show that they are to be performed upon the death of a person, and notwithstanding the fact that the contract holder may purchase the merchandise and services before his death, that it would be out of the usual course of the particular business of an undertaker and should not be interpreted as controlling this issue, and that the contract, by its very terms, contemplates performance when the contract holder dies.

The defendant takes the position that this is not an insurance contract and claims that the type of contract the defendant has issued is no more than a means or method of allowing a discount on funeral merchandise and services only if and when the holders of the contracts desire to avail themselves of the discount.

In the original bill the State charged that the said Mynatt was violating Section 56-1101 T.C.A., in that he was issuing contracts for a consideration whereby he promised the holders of said contracts that the funeral home would, upon the deaths of the persons named in the contracts, provide such persons' representatives with certain funeral merchandise and services incident to burial, a fifty percent discount from the regular prevailing retail selling price.

The State averred that such contracts were contracts of insurance within the contemplation of Section 56-1101 T.C.A., and also within the generally accepted legal definition of an insurance contract, and that the defendant was violating the provisions of Section 56-3206 of the Code, in that he was issuing contracts of insurance payable by means of fifty percent discount on the regular prevailing retail selling price of funeral merchandise and

services, and that such contracts were not payable in legal tender of the United States as required by law.

The authorities seem to be in conflict over whether or not the defendant is engaged in the insurance business.

As to the question whether or not such contracts come within the scope of being life insurance contracts in Tennessee, we are of the opinion that such contracts are such life insurance contracts as would require the defendant to comply with the laws regulating such business.

It seems to us that *State ex rel. Attorney General v. Smith Funeral Home,* 177 Tenn. 41, 145 S.W.2d 1021, is determinative of the question in this State.

For all intents and purposes, under the decision in the Smith case, it makes no real difference whether installment payments are made in the contract or whether there is a named beneficiary or whether an obligation rests on the contract holder to avail himself or his rights under the contract or be bound by it.

The contract is that in the present case the defendant, Mynatt, entered into an agreement for a consideration, to furnish merchandise at a discount, and also to furnish services in contemplation of death. The insistence is made that the contract holder may purchase the merchandise and services before his death, but in reality the benefits are made available to the person who will succeed to the rights under the contract.

Both the Smith case, 177 Tenn. 41, 145 S.W.2d 1021, and *State ex rel. District Attorney General v. Mutual Mortuary Association,* 166 Tenn. 260, 61 S.W.2d 664, hold

that the parties were conducting a burial insurance business, which the defendant has not qualified to conduct.

The case now before us is almost identical with *State ex rel. Attorney General v. Smith,* supra. In the case at bar the agreement is to furnish funeral and merchandise at 50% of the prevailing selling price. In the Smith case it was to furnish funeral services of merchandise at the regular retail selling price.

In the case at bar the defendant insists that the contract is not a contract of insurance but merely a discount contract. This same contention was made in the Smith case supra and was rejected.

A very important reason for the enactment of such legislation as we have is shown by the case before us. The defendant concedes that during the last twenty years he has issued some 35,000 of these contracts, and the record does not show how many of the contracts are now in force and effect, but it is obvious that the potential liability is tremendous.

Let us assume that all 35,000 contracts are now in effect and that the personal representatives of each contract holder should demand a $500 funeral. The value of the 35,000 funerals would amount to $17,500,000. Of this sum the defendant, by reason of the fifty percent discount provision, would be liable for $8,750,000.

It is evident that with this tremendous potential liability there should either be adequate provisions for substantial reserve or the laws of the state should make it impossible for such a situation to exist.

It is important to note that Chapter 293 does not deprive the defendant and his customers of their right to

enter into lawful contracts for the sale of funeral merchandise and services if a price discount is not involved.

The classification is reasonable and valid because the discount contracts, under the holding in *State ex rel. Attorney General v. Smith Funeral Service,* 177 Tenn. 41, 145 S.W.2d 1021, are insurance contracts, while the contracts where there is no price discount are not insurance contracts. See also *Cosmopolitan Life Ins. Co. v. Northington,* 201 Tenn. 541, 300 S.W.2d 911.

It results that we find no error in the decree of the Chancellor and it is affirmed.