578 So.2d 786 (1991)
John J. BOYLE and Janet A. Boyle, Appellants,
v.
ORKIN EXTERMINATING CO., INC., Appellee.
No. 89-3161.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
Rehearing and Motion for Certification Denied May 31, 1991.
*787 G. Ware Cornell, Jr. of G. Ware Cornell, Jr., P.A., Fort Lauderdale, for appellants.
G. Bart Billbrough of Walton, Lantaff, Schroeder & Carson, Miami, for appellee.
WARNER, Judge.
This is an appeal from a final declaratory judgment determining that a lifetime termite damage guarantee paid for by appellants after termite treatment of their home by appellee was not a contract of insurance, thus determining that appellant was not entitled to attorneys fees under section 627.428, Florida Statutes (1989) in their ongoing litigation with appellee regarding breach of the guarantee agreement. We affirm.
In connection with treatment of the appellants' home for termites, appellants also purchased a lifetime guarantee contract in which appellee assumed responsibility for re-treatment if termites later appeared. It also provided for payment by appellee of replacement of damaged property. The guarantee required the payment of an annual renewal fee and re-inspection by appellee. Appellants discovered termite damage after the Orkin treatment. Orkin re-inspected but did not retreat. Eventually, termites caused significant damage to the appellants' home requiring its razing. Appellants sued Orkin, alleging breach of contract, negligence, and fraud. In addition they asked the court to declare the guarantee a contract of insurance. After a nonjury trial on the declaratory action, the court found that the guarantee was not a contract of insurance and entered judgment accordingly.
Whether or not a contract is one of insurance depends on its purpose, effect, contents and import, and is not determined merely by the terminology used. State ex rel. Landis v. DeWitt C. Jones Co., 108 Fla. 613, 147 So. 230 (1933). In the instant case the overall purpose of the guarantee was to add service to the "sale" of appellee's termite treatment program. Appellee was not in the business of providing guarantees but in providing pest control service. Thus, we agree with the Texas appellate court in Rayos v. Chrysler Credit Corp., 683 S.W.2d 546 (Tex. App. 1985) when it noted that in deciding whether a contract is one providing for insurance the true inquiry is "whether looking at the plan of operation as a whole, `service' rather than `indemnity' is the principal object and purpose of the agreement... ." 683 S.W.2d at 548. Likewise, in Transportation Guarantee Co. v. Jellins, 29 Cal.2d 242, 174 P.2d 625, 629 (Cal. 1946), the court stated:
[A] sound jurisprudence does not suggest the extension, by judicial construction, *788 of the insurance laws to govern every contract involving an assumption of risk or indemnification of loss; that when the question arises each contract must be tested by its own terms as they are written, as they are understood by the parties, and as they are applied under the particular circumstances involved.
We think application of these principles supports the trial court's conclusion that Orkin's guarantee was no more that a warranty of its service both as to the product itself and the method of application. And since the determination of the issues depends upon questions of fact regarding the nature of the service and the overall circumstances involved, we will not disturb the trial court's finding on the factual issues involved.
We find the remaining arguments made by each party regarding the application of certain provisions of Florida's Pest Control Act, section 482.011, Florida Statutes, et. seq. to be without merit.
Affirmed.
GLICKSTEIN, J., and OFTEDAL, RICHARD, Associate Judge, concur.