PETERSON, Judge.
Falcon Termite & Pest Control, Inc. (Falcon), appeals from a judgment in favor of Florida Insurance Guaranty Association (FIGA). FIGA is a nonprofit corporation formed by the legislature to assume responsibility for the payment of covered claims against insolvent insurance companies. Sections 631.55, 631.57, Fla.Stat. (1989). Falcon made a claim against FIGA when Falcon’s insurer, Stone Mountain Insurance Company (SMIC), became insolvent. FIGA denied the claim, Falcon brought this declaratory judgment, and the lower court entered summary judgment in favor of FIGA. We reverse.
When Falcon treated a customer’s home, it warranted against future damage from subterranean termites for an annual “premium” of eighty dollars.[1] The home later sustained termite damage, and pursuant to the warranty, Falcon paid the customer $2,122.80 for repairs. Falcon was insured by SMIC. The SMIC policy provided that SMIC would reimburse Falcon for sums the latter was required to pay under warranties issued in connection with subterranean termite treatment. Having paid its customer, Falcon sought recovery under the policy, first, from SMIC and, upon default, from FIGA.
FIGA rejected Falcon’s claim, contending that Falcon’s policy was of a type excluded by the Florida Insurance Guaranty Association Act, sections 631.50 through 631.705, Florida Statutes. Apparently because Falcon’s agreement with its customer was labeled a warranty, FIGA inferred that the agreement constituted warranty insurance and that therefore the SMIC policy was also warranty insurance. Warranty insurance is excluded by the Act under section 631.52(5) which states:
This part shall apply to all kinds of direct insurance, except:
[[Image here]]
(5) Warranty, including motor vehicle service, home warranty, or service warranty. ...
The trial court agreed with FIGA and granted summary judgment followed by the final judgment from which Falcon has taken this appeal.
The trial court did not have the benefit of the decision in Boyle v. Orkin Exterminatng Co., Inc., 578 So.2d 786 (Fla. 4th DCA 1991), at the time it ruled in favor of FIGA. The fourth district in Boyle considered a warranty issued by Orkin to its customers that is very similar to the one issued in the instant case. The court held that Orkin’s guarantee was no more than a warranty of its service, both as to the product itself and the method of application. The fourth district said that the overall purpose of the guarantee was to add service to the “sale” of appellee’s termite treatment program. It affirmed the lower court’s conclusion that the guarantee was not a contract of insurance.
Thus, it was incorrect to infer that the agreement between Falcon and its customer was warranty insurance, and it was incorrect to make the further inference that therefore the agreement between Falcon and SMIC, the policy in issue, was warranty insurance. It appears that the SMIC policy provided liability insurance in the nature of an indemnification for losses to Falcon arising out of its warranties. Since under section 631.52(5) the act applies to “all kinds of insurance,” and since there is *333 no exclusion for the type of insurance policy issued by SMIC to Falcon, the trial court erred in entering judgment for FIGA.
We therefore reverse the final judgment entered pursuant to the order entered against Falcon, and remand to the trial court for further proceedings.
REVERSED and REMANDED.
W. SHARP, J., and SAWAYA, T.D., Associate Judge, concur.

. Section 482.227, Florida Statutes (1989), permits pest controllers to use the terms “guarantee” or "warranty" in contracts for the treatment of wood-destroying organisms. Insurance is not mentioned in the statute.