ALTENBERND, Judge.
Sun Coast Home Care, Inc. (Sun Coast), appeals a declaratory statement issued by the Department of Insurance pursuant to section 120.565, Florida Statutes (Supp.1996). The declaratory statement ruled that two contracts for services offered by Sun Coast were insurance. We reverse because the record before the Department was insufficient to support this declaration.
In November 1996, Sun Coast filed a petition for a declaratory statement. Sun Coast asked the Department to issue a statement that their “service contracts [were] not insurance or health insurance as defined by sections 624.02 and 624.603.” The allegations in Sun Coast’s petition are very limited. It contains five short paragraphs describing the factual circumstances involved and attaches two proposed contracts: an annual membership plan and a lifetime membership plan. These contracts are not lengthy documents and do not contain detailed terms and conditions.
Without requesting supplemental pleading or conducting an evidentiary hearing, the Department issued a declaratory statement adverse to Sun Coast, affirmatively ruling that the two contracts were insurance. The Department’s statement correctly observes that whether a contract is insurance depends on its purpose, effect, contents, and import, rather than its terminology. See Boyle v. Orkin Exterminating Co., 578 So.2d 786 (Fla. 4th DCA 1991). In determining whether a contract is insurance, courts generally examine five factual elements. See Professional Lens Plan, Inc. v. Department of Ins., 387 So.2d 548 (Fla. 1st DCA 1980). The fundamental problem in this ease is that the abbreviated record does not contain the factual information necessary to make the legal decision requested by Sun Coast, much less the decision that the Department actually made.
The Department has the discretion to conduct a hearing on a petition for declaratory statement. See Fla. Admin. Code R. 4-121.043(2). When it is called upon to issue a declaratory statement that is not supported by specific facts, it may decline to issue the statement. See Florida Optometric Assoc. v. Department of Prof. Reg., Bd. of Opticianry, 567 So.2d 928 (Fla. 1st DCA 1990). It does not, however, have the authority to issue a declaratory statement adverse to the petitioner when the record contains no competent, substantial evidence to support the declaration.
Reversed and remanded.
CAMPBELL, A.C.J., and GREEN, J., concur.