BENTON, Judge,
concurring in part and dissenting in part.
In the course of administrative proceedings below, Liberty Care Plan did not request an evidentiary hearing on its petition for declaratory statement. Nor did the Department of Insurance order such a hearing, as it had authority to do under Florida Administrative Code Rule 4-121.043(2). Although the question is not free from doubt, see Sun Coast Home Care, Inc. v. State Department of Insurance, 710 So.2d 120 (Fla. 2d DCA 1998), I agree with the majority that the Department had enough information to decide the merits of the Liberty Care Plan petition.
As to the “Level I” contract, I concur in the judgment reversing the declaratory statement. Inasmuch as people need not be ill to hire cooks, chauffeurs and housekeepers, a contract to underwrite only such expenses is not, without more, health insurance. Incurring such expenses does not necessarily hinge on “determinable contingencies” in the sense of fortuities outside the control of the contracting parties.
We should affirm as to the “Level II” contract, however, for the same reasons that courts have rejected the contention that “discount” contracts for coffins and the like are not insurance. Even when worded so that “the contract holder may purchase the merchandise and services before his death,” State ex rel. Long v. Mynatt, 207 Tenn. 319, 339 S.W.2d 26, 27 (1960), such an agreement is plainly a “contract of indemnity against contingent loss.” Brock v. Hardie, 114 Fla. 670, 154 So. 690, 697 (1934). See State ex rel. Landis v. DeWitt C. Jones Co., 108 Fla. 613, 147 So. 230 (1933).
The contingency against which the “Level II” contract insures is bodily disablement or injury “or the expense thereof, or against disablement or expense resulting from sickness.” § 624.603, Fla. Stat. (1995). The Department of Insurance was entitled *208 to conclude that only ill people (or those responsible for their care) will pay substantial sums for feeding, bathing, dressing and toileting. As the majority notes, these are “home health care services,” ante at 203, which are to be provided by Maxim Healthcare Service, Inc. As to the “Level II” contract, therefore, I dissent from the judgment reversing the declaratory statement.