**Emmitt MOORE, Appellant,**

v.

**The TIMES HERALD PRINTING COMPANY, Appellee.**

**No. 05–88–00346–CV.**

Court of Appeals of Texas, Dallas.

Dec. 12, 1988.

Chester G. Ball, Ball, Landrith, Kulesz & Hubble, Scott G. Ball, Bondurant and Garner, Arlington, for appellant.

Thomas C. McGraw, Gibson, Dunn & Crutcher, Dallas, for appellee.

Before STEPHENS, BAKER and THOMAS, JJ.

STEPHENS, Justice.

This appeal results from the entry of summary judgment denying Moore his claim for injuries occuring as a result of an automobile collision between Moore and Gerald Davis, an employee of The Times Herald Printing Company. Moore contended that The Times Herald breached a duty to third parties traveling on the highway and thus was negligent by permitting Davis to drive an automobile on the highway in an exhausted state. Moore further asserted that Davis was in the course and scope of his employment with The Times Herald when the accident occurred. We agree with the trial court that no liability can be charged to The Times Herald and, accordingly, we affirm the judgment of the trial court.

The accident in question occurred at approximately 5:00 a.m. on May 17, 1986, in Dallas County, Texas, as Davis was returning home from his job at the Dallas Times Herald. Although Davis normally worked days, on the date in question he had been on the job approximately twenty hours. Davis was a computer operations manager which called for him to be on call twenty-four hours a day. During the hours preceding the accident, he had returned to work because of a computer malfunction. After the accident, in a conversation with Moore, Davis said that he must have fallen asleep.

■ In his first point of error Moore complains that a question of fact exists as to whether or not The Times Herald Printing Company negligently breached its duty by allowing an employee to be a risk to others traveling on the highway. We disagree.

The summary judgment proof established that Davis was a salaried employee of The Times Herald Printing Company, that at the time of the accident he was returning home from work in his own automobile, and that he was performing no business function of The Times Herald at the time of the accident. The Times Herald had no control over Davis' choice of transportation, paid him no travel allowance, nor did it reimburse him for mileage.

Moore mistakenly relies on the doctrine of *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307 (Tex.1983), in his attempt to impose a duty on The Times Herald under the facts of this case. In *Otis Engineering*, the Texas Supreme Court stated that:

One who voluntarily enters an affirmative course of action affecting the interests of another is regarded as assuming a duty to act and must do so with reasonable care.

*Id.* at 309. The Court then held that an employer had a duty to third parties when:

because of an employee's incapacity, an employer exercises control over the employee, the employer has a duty to take such action as a reasonably prudent employer under the same or similar circumstances would take to prevent the employee from causing an unreasonable risk of harm to others.

*Otis Engineering*, 668 S.W.2d at 311. Subsequent to the *Otis Engineering*, decision, in *Pinkham v. Apple Computer, Inc.*, 699 S.W.2d 387, 390 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.), the court of appeals held that no summary judgment evidence was adduced to show that Apple ever took any affirmative action to control its employee and, therefore, the standard of *Otis Engineering* was not met. Also in *Williams v. Sun Valley Hospital*, 723 S.W.2d 783, 787 (Tex.App.—El Paso 1987, writ ref'd n.r.e.), the court of appeals reaffirmed the rule that for an employer to be held liable under the *Otis Engineering* doctrine, such employer must perform an affirmative act of control over the incapacitated employee. *See* Kilgarlin & Sterba–Boatwright, *The Recent Evolution of Duty in Texas*, 28 S.TEX.L.REV. 241 (1986).

In the present case there is no evidence of knowledge of incapacity, if any such incapacity did in fact exist, and there is no evidence of any affirmative act of The Dallas Times Herald to control Davis' actions. Moore's first point of error is overruled.

In his second point of error, Moore contends that a question of fact exists as to whether or not Davis was within the course and scope of his employment at the time of the accident. Again, we disagree.

Moore agrees with the general proposition that traveling to and from work does not place an employee within the course and scope of employment. However, he contends that under the facts of this case, Davis was on a special mission because he was working overtime in furtherance of his employer's business.

The summary judgment evidence was uncontroverted that Davis was employed by The Times Herald Printing Company as manager of the Dallas Times Herald's computer department. As such, he was responsible for the computer maintenance. Immediately preceding the accident in question, Davis was called and notified of a computer failure. He responded by driving to work to repair or help repair the problem. When the problem was resolved, he left work. As set out above, The Times Herald Printing Company had no control over his method of transportation or his destination. He was no longer on duty and under the control of The Times Herald Printing Company.

Under these facts we conclude that Davis was not within the course and scope of his employment at the time of the accident. *See Moreland v. Leslie,* 140 Tex. 170, 166 S.W.2d 902 (1942); *London v. Texas Power & Light Co.,* 620 S.W.2d 718 (Tex.Civ.App.—Dallas 1981, no writ); *Parmlee v. Texas & New Orleans R.R. Co.,* 381 S.W.2d 90 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.); *Glasgow v. Floors, Inc.,* 356 S.W.2d 699 (Tex.Civ.App.—Dallas 1962, no writ). Moore's second point of error is overruled.

The judgment of the trial court is affirmed.