Isela DeLUNA, Hector DeLuna, and Carol Robledo Saenz, Appellants,

v.

GUYNES PRINTING COMPANY OF TEXAS, INC., Appellee.

No. 08–93–00138–CV.

Court of Appeals of Texas, El Paso.

Sept. 8, 1994.

Rehearing Denied Oct. 5, 1994.

*OPINION*

KOEHLER, Justice.

This suit presents the question of whether an employer owes a duty to persons who are injured by an off-duty employee, who, after leaving work for the day, consumed alcohol in a parking lot on or adjacent to the employer's premises and thereafter was involved in an automobile accident on a public street. The trial court concluded that it did not and granted the employer's motion for summary judgment. We affirm.

In April 1989, Isela DeLuna and Carol Robledo Saenz, Appellants, were injured when an automobile driven by Armando Cardoza ran into several automobiles parked on a public street. Cardoza was an employee of Guynes Printing Company of Texas, Inc. (Guynes), Appellee. On the date of the accident, Cardoza had left work at 4 p.m. and at about 4:30 p.m., began drinking beer with several other off-duty Guynes employees in a common industrial park parking lot adjacent to the Guynes print shop to celebrate Cardoza's impending retirement. After consuming an unknown number of beers, Cardoza left the parking lot on his way home about 9:30 p.m. when the accident occurred on a nearby street.

In the suit that ultimately followed, Appellants alleged, among other things, that Guynes was negligent: in knowingly allowing, and failing to prevent, the consumption of alcohol on a regular basis on or near its premises; in failing to warn its employees of the dangers of consuming alcohol and driving vehicles off of the premises; in failing to supervise, inspect, discover, and correct the dangerous condition created by employee drinking on or near its premises; and in failing to disseminate and enforce adequately its written policy regarding the possession and/or consumption of alcohol on or near its premises. Appellants further alleged that as a result of knowingly permitting its employees to imbibe intoxicating beverages on or nearby its premises on a regular basis, "Guynes owed a duty to exercise ordinary care with respect to known dangers."

Guynes sought and was granted a summary judgment on the grounds that at the

Michael R. Wyatt, El Paso, for appellants.

James L. Gallagher, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

time of the accident, Cardoza was an off-duty employee, that the accident occurred on a public street hours after his work shift had ended, and that at the time of the occurrence, he was driving his own automobile for personal purposes and not on company business, and thus, Guynes had no liability under Texas law for damages resulting from Cardoza's alleged intoxication. Appellants in this appeal assert in one point of error that the trial court erred in granting the summary judgment because there exists genuine issues of material fact as to whether Cardoza's off-duty drinking occurred on the Guynes' premises, whether Guynes had knowledge that its employees were consuming alcoholic beverages on or near its premises, whether there existed a necessity and opportunity for control, and, lastly, whether Guynes had a duty to control the conduct of its off-duty employee. Appellants contend that they have alleged a cause of action based on the RESTATEMENT (SECOND) OF TORTS § 317 (1965), which they claim is recognized under Texas law. Guynes argues, however, that Section 317 does not accurately reflect Texas law, that under the uncontroverted summary judgment evidence, it had no duty to control the conduct of Cardoza.

## STANDARD OF REVIEW

When reviewing a summary judgment appeal, this Court must determine whether the successful movant in the trial court carried its burden of showing that there is no genuine issue of a material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovants is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Nixon*, 690 S.W.2d at 548–49. If the defendant is the movant and it submits summary judgment evidence disproving at least one element of the plaintiff's case, then summary judgment should be granted. *Bradley v.*

1. 466 S.W.2d 716 (Tex.1971).

*Quality Service Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983); *Rayos v. Chrysler Credit Corporation*, 683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ).

## DID APPELLANTS STATE A CAUSE OF ACTION?

Appellants first contend that the Supreme Court of Texas approved of a RESTATEMENT (SECOND) OF TORTS § 317 cause of action in *Kelsey–Seybold Clinic v. Maclay*,[1] and thus Guynes, by negligently failing to exercise control over its off-duty employee is liable for Appellants' damages. The threshold inquiry in a negligence case is duty, which is a question of law for the Court to decide. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). See also *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 312 (Tex.1983). The general rule, that there is no duty to control the conduct of third persons, is not applicable when the law recognizes special relationships, such as employer/employee, parent/child, and independent contractor/contractee. *Greater Houston Transp. Co.*, 801 S.W.2d at 525; RESTATEMENT (SECOND) OF TORTS §§ 316–20 (1965). See also *Exxon Corp v. Quinn*, 726 S.W.2d 17, 20 (Tex.1987) (independent contractor case).

Section 317 of the RESTATEMENT provides:
A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
(a) the servant
(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
(ii) is using a chattel of the master, and
(b) the master
(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

RESTATEMENT (SECOND) OF TORTS § 317 (1965).

In *Kelsey–Seybold Clinic*, the Supreme Court held that a material fact issue existed as to whether a pediatric medical partnership breached its duty to exercise ordinary care to protect its patients from harm resulting from tortious conduct of a doctor (partner) from improperly using his position with the clinic to alienate the affections of a patient's mother. In affirming the judgment of the Court of Appeals reversing a summary judgment in favor of the clinic, the Court said:

We are also of the opinion that the Clinic owed a duty to the families of its patients to exercise ordinary care to prevent a tortious interference with family relations. It was not required to maintain constant surveillance over personnel on duty or to inquire into and regulate the personal conduct of partners and employees while engaged in their private affairs. But if and when the partnership received information from which it knew or should have known that there might be a need to take action, it was under a duty to use reasonable means at its disposal to prevent any partner or employee from improperly using his position with the Clinic to work a tortious invasion of legally protected family interests. This duty relates only to conduct of a partner or employee on the premises of the Clinic or while purportedly acting as a representative of the Clinic elsewhere. Failure to exercise ordinary care in discharging that duty would subject the Clinic to liability for damages proximately caused by its negligence. See Restatement, Second, Torts, § 317.

*Kelsey–Seybold Clinic*, 466 S.W.2d at 720. It is clear from the opinion that the Court was limiting the duty of the employer to exercise ordinary care in controlling the conduct of a servant or employee while on the premises and on duty. Although the opinion cites to Section 317 of the RESTATEMENT as supporting authority, we do not take this to be a blanket adoption of Section 317 as the law of Texas.

In *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, decided in 1983, the Supreme Court had before it a case involving an employee (who had a history of drinking on the job), who because of his intoxication on the job, was not only sent home by his supervisor but was escorted to the parking lot by the supervisor and allowed to drive himself home. Some thirty minutes later and three miles from the plant, the employee was in an accident fatal to two other persons. In answer to Otis' nonfeasance argument, the Court said it did not view it as such a case and noted that "if a duty [was] to be imposed on Otis, it would not be based on the *mere knowledge* of [the employee]'s intoxication, but would be based on additional factors." 668 S.W.2d at 309. The Court then went on to adopt a new standard of duty for employers:

[W]hen, because of an employee's incapacity, an employer exercises control over the employee, the employer has a duty to take such action as a reasonably prudent employer under the same or similar circumstances would take to prevent the employee from causing an unreasonable risk of harm to others.

*Otis Eng'g Corp.*, 668 S.W.2d at 311. Cases decided subsequent to *Otis* have shown an unwillingness by Texas courts to enlarge the duty of employers to include situations where the employer either has no knowledge of the employee's condition or has not exercised control over the employee. *J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 639 (Tex. App.—San Antonio 1993, no writ); *Moore v. Times Herald Printing Co.*, 762 S.W.2d 933, 934 (Tex.App.—Dallas 1988, no writ); *Pinkham v. Apple Computer, Inc.*, 699 S.W.2d 387, 390 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); *See also Williams v. Sun Valley Hosp.*, 723 S.W.2d 783, 787 (Tex.App.—El Paso 1987, writ ref'd n.r.e.) (Patient in mental institution had never manifested an intention to escape prior to climbing over a wall and being struck by a car with resulting injuries to the occupants, and without prior knowledge, *Otis* duty had no application.).

In *Pinkham*, the Court of Appeals held that because there was no summary judgment evidence that the employer, through any of its supervisory personnel, ever took

any affirmative action to control an employee who became intoxicated at a company party which was held off-premises, the first requirement of the *Otis* duty was not satisfied. 699 S.W.2d at 390.

In *Moore,* a person injured in an accident contended that the employer, a newspaper, breached its duty to third parties travelling on the highway and thus was negligent by permitting its employee "to drive an automobile on the highway in an exhausted state." 762 S.W.2d at 934. Significantly, the Court held that no duty was breached since there was no evidence of any affirmative act by the employer newspaper.

In the recent case of *J & C Drilling Co. v. Salaiz,* 866 S.W.2d 632, 639 (Tex.App.—San Antonio 1993, no writ), the Court in a case similar to *Moore* reversed and rendered a judgment on a verdict against an employer because there was no evidence that the employer had taken any affirmative action to put its employee on the public highway in a fatigued condition. Citing to *Otis, Moore, Pinkham,* and *Williams,* the Court said:

> [F]or a duty to third persons to arise, the employer must perform some affirmative act of control over the incapacitated employee.

866 S.W.2d at 639.

Appellants argue that we should follow the "better-reasoned cases [of other states], such as *Gariup Const. Co., Inc. v. Foster,* 519 N.E.2d 1224 (Ind.1988) ..." which they argue recognize a Section 317 duty and liability. Since our courts have spoken on the subject, we are not in a position to expand the common law of Texas. Even if we were of a mind to ignore our case law and find on the authority of *Gariup* or some other non-Texas case that Guynes had a duty to control Cardoza if it knew or should have known that he was drinking beer on or near its premises after work, we find nothing in the summary judgment evidence that supports Appellants' contention that Guynes knew or should have known that Cardoza and other off-duty employees were on the occasion in question, or regularly, having after-work drinking parties on or near its premises. In *Gariup,* the fact situation fit it easily within the ambit of a Section 317 duty: the employer was sponsoring a party on its own premises, the employer was furnishing the alcoholic beverages, the intoxicated employee was himself the employer's office manager, and the employer's president was present and taking part in the party.

■ It is apparent that if Texas recognizes a Section 317 cause of action, it is only in a limited sense that in order for a duty to arise, the employer must not only have some knowledge of the employee's condition or incapacity, but must exercise some control or perform some affirmative act of control over the employee. In the case under consideration, the only summary judgment evidence on this question is that Cardoza had no history of abusing alcohol on or off the job, that Guynes had no knowledge prior to the accident that Cardoza and the other off-duty employees were drinking beer on or near its premises, and that Guynes took no affirmative action to control Cardoza. Under these circumstances, we hold that Guynes had no duty with respect to Appellants injured as a result of Cardoza's drinking and driving. The point of error is overruled.

The take-nothing summary judgment of the trial court in favor of Guynes is affirmed.

LARSEN, dissenting.

I respectfully dissent. I believe this suit presents two questions: Is RESTATEMENT (SECOND) OF TORTS § 317 the law in Texas, and if so, do the facts here create a genuine question as to whether § 317 applies? I conclude that our Texas Supreme Court has twice specifically recognized § 317 as our law. So should we. I would also find plaintiffs present fact questions for resolution here, and remand the case for further proceedings.

### RESTATEMENT

The majority has correctly recited RESTATEMENT (SECOND) OF TORTS § 317. In concluding that this is not the recognized law of this state, however, I think the majority has missed certain unequivocal language used by the Supreme Court in two separate cases. In *Kelsey–Seybold Clinic v. Maclay,*

466 S.W.2d 716, 720 (Tex.1971), the Court found a duty existed under § 317:

[I]f and when the partnership received information from which it knew or should have known that there might be a need to take action, it was under a duty to use reasonable means at its disposal to prevent any partner or employee from improperly using his position with the Clinic to work a tortious invasion of legally protected family interests. *This duty relates only to conduct of a partner or employee on the premises of the Clinic or while purportedly acting as a representative of the Clinic elsewhere. Failure to exercise ordinary care in discharging that duty would subject the Clinic to liability for damages proximately caused by its negligence. Id.* at 720, *citing* Restatement, Second, Torts, § 317. [Emphasis added.]

The Court recognized § 317 even more directly in *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307 (Tex.1983). Both the majority and dissent in that case specifically acknowledge that § 317 is the law in this jurisdiction. Justice Kilgarlin's majority opinion states:

[C]ertain relationships do impose, as a matter of law, certain duties upon parties. *See, e.g., Restatement (Second)* Secs. 316–20. For instance, the master-servant relationship may give rise to a duty on the part of the master to control the conduct of his servants outside the scope of employment. This duty, however, is a narrow one. Ordinarily, the employer is liable only for the off-duty torts of his employees which are committed on the employer's premises or with the employer's chattels. *Restatement (Second)* Sec. 317. *Otis Engineering Corp.,* 668 S.W.2d at 309.

And Justice McGee's dissent states in even more certain terms:

Texas courts have recognized limited instances in which an employer may be held liable for a failure to control his servants when acting outside the course and scope of their employment. One exception concerns off-duty employees who are either on the master's premises or using a chattel owned by the master. *Otis Engineering Corp.,* 668 S.W.2d at 313 (McGee, J. dis-

senting), *citing Kelsey–Seybold Clinic v. Maclay,* 466 S.W.2d 716, 720 (Tex.1971); Restatement (Second) of Torts Sec. 317 (1965).

The majority goes astray, I believe, in focusing on Justice Kilgarlin's formulation of duty under the exact facts of the Otis case. That formulation actually owes more to RESTATEMENT (SECOND) OF TORTS § 319, concerning those who take affirmative action towards one in need, than it does to the employer's duty formulated under § 317. In focusing on that language exclusively, the majority ignores the Supreme Court's acknowledgement of § 317 as authority in this state.

Similarly in a case relied upon by the majority, the Fort Worth Court of Appeals, while finding the employer not liable, impliedly accepted that § 317 was settled law. *Pinkham v. Apple Computer, Inc.,* 699 S.W.2d 387, 391 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). There, the question of whether the employee was on the employer's premises when he consumed copious amounts of alcohol was never asserted as a theory of liability. That the employer furnished the beer (although not the tequila nor marijuana) that the employee imbibed was analyzed instead under the "chattel" prong of § 317, the Court there finding:

Consumption of beer furnished by an employer at an employee party does not constitute use of the employer's chattels *which would subject the employer to liability for negligent use of the chattel by the employee.* Appellants' contention in this regard apparently is the same contention advanced which would establish a duty just because the employer furnished an alcoholic beverage. *Pinkham,* 699 S.W.2d at 391. [Emphasis added].

Thus, it appears to this writer that RESTATEMENT (SECOND) OF TORTS § 317 is the law in this state, and I would therefore hold that plaintiffs here have stated a cause of action against defendant's employer, Guynes Printing Company.

Having so concluded, I would reach the second question posed by this appeal, whether plaintiffs have raised genuine issues of material fact under the duty imposed by the RESTATEMENT section. I would hold in the

affirmative and remand for trial. Plaintiffs' summary judgment proof raises questions on all elements of the cause of action. There was evidence, which if viewed in the light most favorable to nonmovants, indicates that the parking lot in which the beer drinking here took place was a common area under the control of Guynes, that Guynes had the ability to control the negligent employee at the relevant time, and that it knew or should have known of the necessity and opportunity for control. For example, there was evidence that after-work beer parties in the Guynes parking lot, if not a habitual occurrence, were at least common. There was evidence that at least one supervisor was at the print shop during the time the beer drinking was taking place in the parking lot. There was evidence that an employee with some supervisory duties was even a participant in the party on the afternoon in question. There was evidence that Guynes' landlord had requested that Guynes put up signs regarding drinking on the premises, and Guynes did so, thus creating the inference that both knew drinking on-premises was a potential problem. This evidence, I would hold, creates material fact issues on the application of § 317 here which should be determined by the trier of facts. For these reasons, I dissent.