Ronald G. BROWN and Suzanne G. Brown, Appellants,

v.

AMERICAN RACING EQUIPMENT, INC., Appellee.

No. 04–95–00914–CV.

Court of Appeals of Texas, San Antonio.

Oct. 23, 1996.

Robert M. Stone, Law Offices of Franklin Y. Wright, San Antonio, for Appellants.

Robert F. Scheihing, Small, Craig & Werkenthin, P.C., San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

OPINION

CHAPA, Chief Justice.

The appellant, Ronald Brown, was injured when working on a car owned by a manager for the appellee, American Racing Equipment, Inc. (American Racing). Brown and his wife appeal a take-nothing summary judgment granted in American Racing's favor. In one point of error, they challenge

the trial court's implicit finding that American Racing's employee was not within the course and scope of his employment at the time of the accident. Finding no genuine issue of material fact, we affirm.

### Summary of Facts

Terry Harrison, a salesman for American Racing,[1] agreed to do a "favor" for his manager, Bill Martinez, on his way to get lunch. Martinez's personal car had broken down the night before, and he asked Harrison to meet with his mechanic, give him the car keys, and ensure that his car was towed with a flatbed truck.

With Martinez's knowledge and approval, Harrison used an American Racing van to pick up Brown and drive him to Martinez's car. After inspecting the vehicle, Brown determined that the car was stuck in "park." Rather than wait for a wrecker, he suggested that they try to fix the car by manually manipulating the gear shifter.

Brown laid down on the ground to reach underneath the car and put it into reverse. When Harrison started the engine at Brown's request, the car rolled backwards, pinning Brown's head between the tire and the curb. The Browns sued Harrison for negligence and alleged that American Racing was vicariously liable for their injuries.

### Argument on Appeal

The Browns contend the trial court erred in granting summary judgment in American Racing's favor because a fact issue existed as to whether Harrison was acting within the course and scope of his employment.

American Racing is entitled to judgment when the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact about one or more essential elements of the Browns' cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); TEX.R. CIV. P. 166a(c). Once American Racing negates an essential element of the Browns' claim, the Browns must present issues precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Garcia v. John Hancock Variable Life*

*Ins. Co.*, 859 S.W.2d 427, 430 (Tex.App.—San Antonio 1993, writ denied).

In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the Browns is taken as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference is indulged in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

■ To determine American Racing's liability for Harrison's actions, we ask whether American Racing had the "right and power to direct and control [Harrison] in the performance of the causal act or omission at the very instance of the act or neglect." *J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 636 (Tex.App.—San Antonio 1993, no writ). To meet this test, Harrison's act must (1) fall within the scope of his general authority; (2) further his employer's business; and (3) accomplish the object for which he was hired. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 359 (Tex.1971); *Salaiz*, 866 S.W.2d at 636. For example, using the company vehicle to get lunch is not within the employee's scope of authority or in furtherance of the employer's business. *Andrews v. Houston Lighting & Power*, 820 S.W.2d 411, 414 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

■ If Harrison deviated from the performance of his duties for a personal purpose, then American Racing would not be liable for what occurred during the deviation. *Drooker v. Saeilo Motors*, 756 S.W.2d 394, 397 (Tex.App.—Houston [1st Dist.] 1988, writ denied). For example, if the employer sends the employee on a business errand, but the employee stops to make a personal purchase, then the employee is not acting within the course and scope of his employment. *Hudiburgh v. Palvic*, 274 S.W.2d 94, 98–99 (Tex. Civ.App.—Beaumont 1955, writ ref'd n.r.e.).

■ Harrison testified that he was not performing his regular duties when Brown's accident occurred:

A. I was going out to get lunch, and *Bill, my manager, asked me to do him a favor while I was out getting lunch.*
. . . .

---

1. American Racing sells automotive accessories.

Q. And did you know where you were going or had you gotten directions or—

A. No, I knew where I was going.

Q. Why was that?

A. Because I had gone and picked up Bill the night before, because he had called me at home to tell me that his car had broken down and he needed some help.

This evidence shows that Harrison was not acting within his authority as a salesman and was not furthering American Racing's business. Instead, he was driving to lunch and performing a personal favor for a co-worker. These activities removed him from the course and scope of his employment. *See Andrews,* 820 S.W.2d at 414; *see also Salaiz,* 866 S.W.2d at 637 (holding that defendant's ownership of the vehicle and employment of the driver are insufficient to raise a fact issue when a collision occurs while the driver is on a personal errand).

As rebuttal evidence, the Browns offered the testimony of Paul Bethel, American Racing's division manager, who also said that Harrison was performing a personal favor for Martinez. However, he testified that Harrison's use of American Racing's vehicle was "appropriate":

Q. Probably goes without saying, but it would have been certainly within the guidelines and policies of American Racing to allow this to happen, wouldn't it?

A. To get lunch?

Q. Yes.

A. Yes.

Q. And when I say that, I mean it would have been within the guidelines and policies to use an American Racing vehicle to go get lunch.

A. Yes.

Q. And would it have been within the guidelines and policies to go get—or drop off the keys for Mr. Martinez's car?

A. I guess if Terry didn't mind doing it, then I wouldn't see no problem with it.

When viewed in the light most favorable to the Browns, this evidence raises a fact issue as to whether Harrison was acting within his authority when he took a company van to get lunch and run a personal errand. However, this evidence does not address American Racing's right to control Harrison's actions at the time of the accident, that is, when he left the company vehicle, got into Martinez's car, and started its engine.

The Browns argue that Harrison was on a "special mission" for his employer. The special mission doctrine is an exception to the general rule that an employer is not liable for its employee's negligent acts while traveling from one work site to another. *Freeman v. Texas Compensation Ins. Co.,* 603 S.W.2d 186, 192 (Tex.1980); *Salaiz,* 866 S.W.2d at 632. Under this doctrine, "[w]hen the employer does not require any particular route, the employee is not engaged in the furtherance of the employer's business." *Salaiz,* 866 S.W.2d at 632; *Wilson v. H.E. Butt Grocery Co.,* 758 S.W.2d 904, 907–08 (Tex. App.—Corpus Christi 1988, no writ).

The special mission exception is not applicable to this case because Ronald Brown was not injured by American Racing's vehicle while its employee was traveling from one work site to another; Brown was injured by Martinez's car when Harrison decided to help him manually adjust the transmission. Even if Harrison were running a business errand by waiting for the flatbed truck, there is no evidence that he was authorized to help Brown fix the car. Thus, at the time of the accident, Harrison's actions did not further American Racing's business, nor did American Racing direct Harrison's route or activity.

### Conclusion

American Racing provided uncontroverted summary judgment evidence that Harrison was not acting within the course and scope of his employment when Brown was injured. We hold that there are no genuine issues of material fact and overrule the Browns' sole point of error. Because the trial court did not err in granting summary judgment in American Racing's favor, we affirm the trial court's judgment.