**Teresa ANDREWS, Appellant,**

v.

**HOUSTON LIGHTING & POWER, Property Management Systems, Inc., and Angelo Williams a/k/a Rick James, Appellees.**

No. C14–91–00054–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 12, 1991.

Rehearing Denied Jan. 23, 1992.

Scott Sanes, Houston, for appellant.

R. Paul Yetter, Ann Patton Greene, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal of a judgment in a personal injury auto accident lawsuit. The jury found that the defendant driver was in the course and scope of his employment; however, the trial court determined that there was no evidence to support the jury's response and rendered a judgment notwithstanding the verdict in favor of the appellees. Appellant's sole point on appeal is that the trial court erred in granting the motion for judgment n.o.v. because the evidence at trial supports the jury's findings. We affirm.

Appellant (Teresa Andrews) commenced this negligence action against Houston Lighting and Power Company (HL & P), Angelo Williams (Williams), Property

Management Systems, Inc. (PMS) and Travelers Indemnity Company of Rhode Island (Travelers), her insurer, for a motor vehicle collision that occurred between herself and Williams. On the day of the accident, Williams, a PMS employee rode a bus to a U–Haul rental store and rented a truck for the purpose of transferring furniture from the HL & P building to the PMS office. After unloading the furniture at the PMS office, Williams checked out a vehicle (owned by HL & P), and requested a co-worker to follow him back to the U-Haul store so he can return the truck and have a ride back to work.

Upon returning to the PMS office, Williams asked another co-worker if he could use the car to go to lunch. The co-worker informed him that it was against company policy to use the vehicles for personal use. Instead of checking the vehicle back in, Williams went ahead and proceeded to go to lunch in the vehicle. After driving about 20 to 25 minutes, Williams collided with another vehicle driven by the appellant. Appellant brought suit against PMS and HL & P for the negligence of Williams under the doctrine of respondeat superior. At trial the jury determined that Williams was acting in the scope of his employment, but the trial court disagreed and granted the appellees' motion for judgment n.o.v.

 To sustain the action of the trial court we must determine that there was no evidence of probative value upon which the jury could have made the finding relied upon. *Marquez v. Sears, Roebuck & Co.,* 625 S.W.2d 52 (Tex.App.—San Antonio 1981), *rev'd on other grounds,* 628 S.W.2d 772 (Tex.1982). We must review the evidence in the light most favorable to the jury finding, considering only the evidence and inferences supporting it and rejecting the evidence and inferences contrary to the finding. *Williams v. Bennett,* 610 S.W.2d 144 (Tex.1980). However, rule 301 does not require "no evidence at all" but comprehends those situations in which the evidence is deemed legally insufficient to establish an asserted fact. *Marquez v. Sears, Roebuck & Co.,* 625 S.W.2d 52 (Tex.

App.—San Antonio 1981), *rev'd on other grounds,* 628 S.W.2d 772 (Tex.1982); *See also,* TEX.R.CIV.P. 301. When the evidence offered to prove a vital fact is so weak as to do no more than create a surmise or suspicion of its existence, the evidence is, in legal effect, no evidence. *Verna Drilling Co. v. Parks–Davis Auctioneers, Inc.,* 659 S.W.2d 877 (Tex.App.—El Paso 1983, writ ref'd n.r.e.).

 Appellant asserts that the testimony of Williams' supervisors is sufficient evidence to support the jury's finding that Williams was acting in the course and scope of his employment. We find such evidence to have no probative value upon which the jury could have made the finding. Although the testimony did explain Williams' job duties and the purpose of checking out the vehicle that day, it fails to establish the fact that Williams was acting within the scope of his employment at the time of the accident. *See Dart v. Yellow Cab, Inc.* 401 S.W.2d 874 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.).

In Texas, the well-settled rule is that to hold an employer liable for the negligent act of his employee, such act must be committed within the scope of the general authority of the employee, in furtherance of the employer's business and for the accomplishment of the object for which the employee is employed. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354 (Tex.1971); *Broaddus v. Long,* 135 Tex. 353, 138 S.W.2d 1057 (1940). Therefore, an employer is not liable for actions that an employee takes in his own interest and not to further the purpose of carrying out the master's business. *Southwest Dairy Products Co. v. De Frates,* 132 Tex. 556, 125 S.W.2d 282 (1939); *Viking v. Circle K Convenience Stores, Inc.* 742 S.W.2d 732 (Tex.App.—Houston [1st Dist.] 1987, writ denied).

In the present case, Williams was employed as a furniture mover by PMS and part of his duties included driving either a rented vehicle or one assigned by HL & P. During the initial stage of his employment, Williams signed a statement, which PMS went over with him, explaining the compa-

ny's policy concerning the use of company vehicles. This statement clearly indicated that personal use of HL & P vehicles, such as picking up lunch, is against company policy and will not be tolerated. In addition, Williams testified that he knew he did not have the permission of PMS to use the vehicle for personal purposes.

Using the company vehicle for the purpose of obtaining lunch was not within the scope of authority granted to Williams, nor was it in furtherance of PMS's business. Therefore we find no evidence to hold PMS liable for Williams actions under the doctrine of respondeat superior. Furthermore, the record indicates that Williams was employed by PMS and not by HL & P. Although the vehicle was owned by HL & P, absence an employer/employee relationship, it also cannot be liable for Williams' action under the doctrine. *Drooker v. Saeilo Motors*, 756 S.W.2d 394 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

The judgment of the trial court is affirmed.