**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00524-CV

---

**MARTIN MOLINA, Appellant**

**V.**

**CITY OF PASADENA, Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-57458**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from the trial court's grant of a plea to the jurisdiction. Appellant Martin Molina filed a personal-injury suit against appellee, the City of Pasadena. Appellant was injured when he was struck in a crosswalk by Victor Alfonso Rendon, a City employee, while Rendon was driving a City truck. The City filed a plea to the jurisdiction claiming it was immune from suit because Rendon (1) was not in the paid service of the City at the time of the accident; and (2) was not

acting within the scope of his employment at the time of the alleged incident. Following a hearing, the trial court granted the plea without specifying which ground had merit. On appeal, appellant challenges both possible grounds. Because Rendon was not acting within the course and scope of his employment at the time of the accident, we affirm.

## THE EVIDENCE

Rendon is an "Inspector I" for the City's engineering department. At the time of the incident, Rendon was a full-time City employee and driving a vehicle owned by the City. The City provided the vehicle to Rendon for the performance of his job duties. Rendon retrieved the vehicle from dispatch at the beginning of each work day and returned it at the end of the work day. During the work day, Rendon drove from one construction site to another to inspect concrete pours, paving of streets, drainage, water lines, sewer lines, pump stations, and water tanks, *etc*. Rendon's job description required a valid Texas driver's license. Rendon testified that at the time of the occurrence his itinerary averaged approximately seven construction sites per day.

Rendon was permitted a one-hour lunch break. The City allowed employees to use City-owned vehicles to drive to lunch rather than requiring them to drive back to the station to retrieve their personal vehicles. On the day of the accident, Rendon ate lunch at Southmore Asian Fast Food Restaurant between noon and 1:00 p.m. Southmore Asian Fast Food was in the same area as the Pansy Water Tank, one of the sites Rendon had been instructed to go to that day. Rendon was not directed to a take a particular route to any of his worksites. Around 1:00 p.m., Rendon exited west out of the restaurant's parking lot and turned right onto Ruella Lane heading north. Rendon came to a complete stop at the stop sign located at Ruella Lane's intersection with Southmore Avenue. Rendon intended on turning right onto Southmore Avenue

and proceed toward the Pansy Water Tank. Before turning, Rendon looked both ways and saw appellant on the sidewalk approximately twenty feet away and heading west toward the intersection. Rendon believed he had time to turn, confirmed there was no on-coming traffic from his left, and took his foot off the brake. Rendon did not accelerate but the truck traveled approximately one foot before Rendon saw appellant in front of the vehicle. Rendon immediately applied the brake, stopping the vehicle. Appellant extended his arm, pushed on the hood of the vehicle, and fell to the ground. Rendon parked the vehicle and checked on appellant, helping him up. Appellant said that he was fine and wanted to go home.

Rendon called the City's safety supervisor to report the incident. Rendon testified that it was his understanding that if he was driving to an inspection site, he was on duty. The City agreed that driving to job sites during the work day qualified as compensable work by "Inspector I" employees such as Rendon.

### PROCEEDINGS BELOW

Appellant filed suit under the Texas Tort Claims Act ("TTCA"). *See* Tex. Civ. Prac. & Rem. Code § 101. In his second amended petition, appellant alleged the City's sovereign immunity was waived under the TTCA because his claim involved personal injury caused by the negligent operation or use of a motor-driven vehicle by the City's employee and the City would be liable under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1). Appellant further alleged the City was liable under section 101.0215, which provides that when engaged in a governmental function, a municipality is afforded the State's sovereign immunity except to the extent the State has waived its immunity under the TTCA. *See* Tex. Civ. Prac. & Rem. Code §§ 101.0215(22), (24). Appellant's pleadings assert the City is liable for his damages arising from the accident under the doctrine of *respondeat superior*.

3

The City's amended plea to the jurisdiction alleged the trial court did not have jurisdiction under the TTCA because, at the time of the accident, Rendon was not in the paid service of the City or acting within the course and scope of his employment. Appellant responded arguing that Rendon was in the course and scope of his employment because, at the time of the accident, he was driving to a location where his employer had instructed him to go in furtherance of his employer's interests. Appellant also argued there was no evidence Rendon was "off the clock" when the accident occurred.

The trial court signed an order granting the City's plea. After appellant's motion for new trial was denied, appellant filed a timely notice of appeal.

### STANDARD OF REVIEW

Sovereign immunity protects the State and its political subdivisions from lawsuits for damages unless immunity has been waived by the Legislature. *Texas Parks & Wildlife Dep't v. Sawyer Trust,* 354 S.W.3d 384, 388 (Tex. 2011); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006). Sovereign immunity from suit deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Reata Constr. Corp.,* 197 S.W.3d at 374; *Miranda,* 133 S.W.3d at 225–26.

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cty. v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Texas Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002). Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial

4

court's jurisdiction are questions of law reviewed *de novo*. *Miranda,* 133 S.W.3d at 226. However, in some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact. *Id.*

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227 (citing *Bland,* 34 S.W.3d at 555). In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.* If the relevant evidence is undisputed or fails to raise a fact question, the trial court rules on the plea as a matter of law. *Id.* at 228.

The standard of review for a plea to the jurisdiction based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228; *see also Thornton v. Ne. Harris Cty. MUD 1,* 447 S.W.3d 23, 32 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Under this standard, we take as true all evidence favoring the non-movant and draw

5

all reasonable inferences and resolve any doubts in the non-movant's favor. *Miranda,* 133 S.W.3d at 228. If the movant presents conclusive proof that the trial court lacks subject matter jurisdiction, then the non-movant must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *See id.*; *City of Galveston v. Murphy,* 533 S.W.3d 355, 358–59 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

### APPLICABLE LAW

Under the doctrine of *respondeat superior*, an employer may be held liable for the tortious acts of an employee if the acts are within the course and scope of employment. *Goodyear Tire and Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). The tortious act must fall "within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman,* 80 S.W.3d 573, 577 (Tex. 2002) (citing *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 357 (Tex. 1971); *see also Davis-Lynch, Inc. v. Asgard Techs., LLC,* 472 S.W.3d 50, 70 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Andrews v. Houston Lighting & Power*, 820 S.W.2d 411, 413 (Tex. App.—Houston [14th Dist.] 1991, writ denied). To be within the scope of employment, the employee's acts must be of the same general nature as, or incidental to, authorized conduct. *Minyard Food Stores,* 80 S.W.3d at 577 (citing *Smith v. M Sys. Food Stores, Inc.,* 156 Tex. 484, 297 S.W.2d 112, 114 (1957)); *Andrews*, 820 S.W.2d at 413.

It is the general rule that use of public streets or highways in going to or returning from one's place of employment is not within the scope of one's employment. *Painter v. Amerimex Drilling I, Ltd*., No. 16-0120, 2018 WL 2749862, at *7 (Tex. Apr. 13, 2018); *American Gen. Ins. Co. v. Coleman,* 157 Tex. 377, 303 S.W.2d 370, 374 (1957). "This rule is based on the premise that an injury occurring

6

while traveling to and from work is caused by risks and hazards incident to driving on public streets, which has nothing to do with the risks and hazards emanating from a person's employment." *Soto v. Seven Seventeen HBE Corp.*, 52 S.W.3d 201, 205 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Smith v. Texas Employers' Ins. Ass'n,* 129 Tex. 573, 105 S.W.2d 192, 193 (1937)).

When the vehicle involved in an accident was owned by the defendant and the driver was an employee of the defendant, however, a presumption arises that the driver was acting within the scope of his employment when the accident occurred. *Robertson Tank Lines,* 468 S.W.2d at 357. The presumption prevails when it is unrefuted. *Id.* Evidence that the driver was on a personal errand at the time of the accident rebuts the presumption. *Id.* at 358; *see also Minyard Food Stores,* 80 S.W.3d at 577. It is then the plaintiff's burden to produce other evidence that the driver was in the course and scope of his employment. *Robertson Tank Lines,* 468 S.W.2d at 358.

### ANALYSIS

In his first issue, appellant claims the City failed to offer evidence rebutting the presumption that Rendon was acting in the course and scope of his employment. Appellant further argues that even if the City did rebut the presumption, his evidence raises a genuine issue of material fact as to whether Rendon was acting in furtherance of the City's interests at the time of the accident. Appellant also claims he raised a fact issue under the dual-purpose doctrine. The underlying basis of all of these arguments is that Rendon was acting in furtherance of the City's business by proceeding to the Pansy Water Tank.

It is undisputed that Rendon was an employee of the City. For purposes of this discussion we assume, without deciding, that Rendon was an employee at the time

7

of the accident.[1] It is also undisputed that Rendon was driving a vehicle owned by the City. Thus the evidence raised a presumption that Rendon was in the course and scope of his employment at the time of the accident.

It is undisputed that Rendon drove to Southmore Asian Fast Food for lunch and had left that location to drive to the Pansy Water Tank when the accident occurred. "But where the evidence shows that the driver turned aside, even briefly, for a personal errand, the presumption is rebutted." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 47 (Tex. App.—Fort Worth 2002, no pet.) (citing *Robertson Tank Lines,* 468 S.W.2d at 359; *Mitchell v. Ellis,* 374 S.W.2d 333, 335 (Tex. Civ. App.—Fort Worth 1963, writ ref'd)). The presumption that the employee driving an employer's car is acting in the course and scope of his employment vanishes if the collision occurred while the employee was returning from attending to his personal business of eating lunch en route to work. *Gant v. Dumas Glass & Mirror, Inc.,* 935 S.W.2d 202, 212 (Tex. App.—Amarillo 1996, no writ). Evidence that the employee was on a personal errand to eat at the time of the accident refutes an allegation that he was acting in the course and scope of his employment. *J & C Drilling Co. v. Salaiz,* 866 S.W.2d 632, 637 (Tex. App.—San Antonio 1993, no writ). Because the accident in this case occurred as Rendon was returning from a personal errand, the presumption that he was acting in the course and scope of his employment was rebutted. *See Morris*, 78 S.W.3d at 47; *Gant,* 935 S.W.2d at 212. Thus, the burden shifted to appellant to present other evidence that Rendon was in the course and scope of his employment when the accident occurred.

---

[1] Appellant's second issue contends there is no competent evidence that Rendon was not in the paid service of the City at the time of the accident. Accordingly, appellant argues, Rendon was an employee under the TTCA.

An employee who has turned aside, even briefly, for a personal errand is no longer in the scope of employment until he returns to "the path of duty." *Sw. Dairy Products Co. v. De Frates*, 132 Tex. 556, 560, 125 S.W.2d 282, 284 (1939). Appellant asserts "Rendon had resumed his job duties by driving to the next construction site, same as he would do at various other points throughout the day." As evidence, appellant relies upon the undisputed facts that Rendon was required to drive to and from different construction sites during the workday and was driving to the Pansy Water Tank because he had been instructed to go there that day.

The Texas Supreme court rejected a similar argument in *De Frates.* 132 Tex. at 556, 125 S.W.2d at 282. In that case, the employee was driving the employer's vehicle when he diverted from his route to eat. *Id.* The collision occurred while the employee was returning to his route. *Id.* The Court held that as a matter of law the employee was not within the scope of his employment when the accident occurred because he was not engaged in his employer's business, even though he was in the process of resuming it. *Id.*

In a much more recent case, the Texas Supreme Court again recognized that if an employee is engaged in a personal errand at the time of the accident, an employer is not responsible. *See Painter*, 2018 WL 2749862, at *9. In that case, the accident occurred while the employee was driving a crew back to the bunkhouse. *Id.* at *2. Because the employee's job duties required driving the crew between the bunkhouse and the drilling site, the Court concluded a fact issue existed as to whether the employee was acting in the course and scope of his employment when the accident occurred. *Id.* at *8-10. In its' analysis, the Court noted that if the employee had stopped for a meal or run a personal errand, "the course-and-scope analysis would be affected." *Id.* at *9. The Court stated that "an employer is not responsible for what occurs when an employee deviates from the performance of his duties for

9

his own purposes. . . . even if the deviation occurs with the employer's express or implied permission. *Id.* (citations omitted).

In *Painter*, the evidence showed that at the time of the accident the employee was engaged in his employer's business by driving the crew to the bunkhouse. *Id.* at *2. The employee had not deviated from that task. *Id.* In this case, however, Rendon was not engaged in his employer's business at the time of the accident. Rather, Rendon had deviated from the performance of his duties (*i.e.*, to inspect concrete pours, paving of streets, drainage, water lines, sewer lines, pump stations, and water tanks, *etc.*) to eat lunch, albeit with the City's permission. At the time of the accident he had not resumed those duties. The undisputed evidence is that Rendon was in the process of returning to work. The fact that he was going to another inspection spite does not preclude application of the cases, some of which are cited herein, holding that an employee returning to work from a personal errand is not acting within the course and scope of his employment. An accident that occurs while an employee is "returning to the zone of his employment" does not fix liability against the employer. *De Frates,* 125 S.W.2d at 284.

We find appellant's reliance upon Rendon's testimony that he believed he was "on duty" at the time of the accident to be misplaced. The law is well-settled that such testimony is not probative evidence that an employee was acting within the course and scope of his employment. *See Robertson Tank Lines*, 468 S.W.2d at 360–61. An employee's conclusory testimony that he was acting in the course and scope of his employment amounts to no evidence if the contrary is established as a matter of law. *See Mosqueda v. G & H Diversified Mfg., Inc.*, 223 S.W.3d 571, 576–77 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

The City's evidence that Rendon was returning to work from a personal errand at the time of the accident rebutted the presumption that he was acting in the course

and scope of his employment. Appellant's undisputed evidence that Rendon was en route to an inspection site does not raise a genuine issue of material fact as to whether Rendon was acting in furtherance of the City's interests at the time of the accident. Because there is no probative evidence that raises a genuine of material fact as to whether Rendon was engaged in the City's business at the time of the accident, there was no dual purpose to Rendon's personal errand. For these reasons, appellant's first issue is overruled.[2]

## CONCLUSION

Having found the trial court properly granted the City's plea to the jurisdiction on the grounds Rendon was not in the course and scope of his employment at the time of the accident, the judgment of the trial court is affirmed.

/s/     John Donovan
            Justice

Panel consist of Justices Boyce, Donovan and Wise.

---

[2] It is therefore unnecessary to address appellant's second issue challenging the City's other ground for its' plea to the jurisdiction.

11